LAURA G. BRYS (SBN 242100)
LBrys@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorney for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| STEVEN YUHASZ,<br><br>                 Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, N.A.,<br><br>                 Defendants. | Case No.  **'22 CV 1807 BEN AGS**<br><br>**NOTICE OF REMOVAL**<br><br>[Removed from San Diego County Superior Court Case No. 37-2022-00041263-CU-MC-CTL]<br><br>Complaint filed:  October 13, 2022<br>Filed/Lodged Concurrently with:<br>1.  Civil Cover Sheet<br>2.  Disclosure Statement Pursuant To Fed. R. Civ. P. 7.1<br>3.  Notice to Adverse Parties |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Bank of America, N.A. ("BANA") submits this Notice of Removal based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This action is hereby removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.  In support of this Notice of Removal, BANA states as follows:

## I.    BACKGROUND

1.    On October 13, 2021, Plaintiff Steven Yuhasz ("Plaintiff") filed a Complaint and Demand for Jury Trial ("Complaint") against BANA in the Superior Court for the State of California County of San Diego (the "State Court Action"). The State Court Action was assigned Case Number 37-2021-00041263-CU-MC-CTL.

2.    BANA was served with the Complaint on October 19, 2021.

3.    Among other things, Plaintiff alleges that an unauthorized person used his identifying information to apply for California Employment Development ("EDD") benefits in his name without his permission. Compl. ¶¶12, 14.

4.    Plaintiff also alleges that BANA opened a bank account in Plaintiff's name without his authorization as a result of this fraudulent application. *Id.* ¶ 15.

5.    The Complaint states that upon Plaintiff's discovery of this account in January 2022, he filed identity theft reports with the Federal Trade Commission Internal Revenue Service, as well as a Fraud Report with EDD. *Id.* ¶¶ 16-18.

6.    That same month, Plaintiff alleges he sent copies of these reports, along with a copy of his driver's license and passport, to BANA in a request for documents and information under Cal. Pen. Code § 530.8. *Id.* ¶¶ 19-20. He further alleges that in this request he informed BANA that he was a "victim of identity theft," and the benefits obtained in his name illegally were "managed, administered, and distributed" by BANA. *Id.* ¶ 21.

1

7.      Plaintiff states BANA did not respond to this request, nor his second request sent in April of 2022. *Id.* ¶¶ 25-26, 29.

8.      He further alleges that BANA's supposed lack of response "prevented Plaintiff from identifying the information the fraudster used to commit fraud" and as a result he was "unable to take the fraudulent application, etc. to the police or take steps necessary to protect [himself] from further identity theft." *Id.* ¶ 31.

9.      Lastly, Plaintiff asserts that his "anxiety, frustration, stress, lack of sleep, and nervousness continue to this day because [he] must constantly monitor" his information to protect against further theft. *Id.*

10.     The Complaint alleges violations of the California Penal Code § 530.8, as well as negligence.

## II.     DIVERSITY OF CITIZENSHIP JURISDICTION

11.     This Court has original jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1332 because the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

12.     Plaintiff is a citizen of the State of California. Compl. ¶ 9.

13.     For purposes of diversity of citizenship, BANA is a citizen of North Carolina because its principal place of business is located there.  *See Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (a national bank, for diversity jurisdiction purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located); *Rivera v. Wachovia Bank*, 2009 WL 1396403, at *2 (S.D. Cal. May 18, 2009) (same).

14.     Given that Plaintiff and BANA are citizens of different states, there is complete diversity as is required by 28 U.S.C. § 1332(a)(1).

15.     The amount in controversy also plausibly meets the jurisdictional threshold of more than $75,000, as described above.  28 U.S.C. § 1332(a); *see infra*

¶¶ 16-20.  To assert the amount in controversy in a removal notice, a "short and plain" statement must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16.    In this case, Plaintiff seeks statutory damages, general damages, special damages, punitive damages and attorney fees.  Prayer (Compl. at 7:22-28; 8:1-4).

17.    Plaintiff alleges he is owed $100 for every day BANA failed to provide him with the information he requested under Cal. Pen. Code § 530.8. *Id.* ¶ 44. He asserts that BANA received his first request on January 24, 2022, and was required to comply with this request by February 7, 2022. *Id.* ¶ 24. As of the date of this filing, according to Plaintiff's Complaint, he is owed 283 days' worth civil penalties—in other words, $28,300. *See Ayala v. Ford Motor Co.*, 2021 WL 2644506, at *6 (S.D. Cal. June 28, 2021) (finding maximum civil penalty properly included in controversy amount calculation). Further, "it [is] reasonable – and entirely consistent with the "reality of litigation" – to expect at the time of removal that some time would pass before [BANA's] production was complete and the penalty ceased to run under Section 530.8." *Gonzalez v. Comenity Bank*, 2019 WL 5304925, at *9 (E.D. Cal. Oct. 21, 2019). "[I]it would be reasonable to allow at least four months for [BANA] to produce the Section 530.8 materials" and "[a]ssuming an average of 30 days per month with the penalty accruing at the undisputed rate of $100 per day, $12,000 is a reasonable estimate of the post-removal portion of the penalty under the Section 530.8 claim." *Id.* Therefore, Plaintiff could recover $40,300 in statutory damages alone.

18.    In addition, Plaintiff has alleged an unknown amount in damages for the emotional distress he experienced as a result of BANA's alleged negligence. Compl. ¶¶ 33, 45-49. While Plaintiff's complaint fails to assert a specific amount of damages for his emotional distress claim, for removal purposes "[t]he vagueness of plaintiff['s] pleadings with regard to emotional distress damages should not preclude

th[e] Court from noting that these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995). Plaintiff alleges he has suffered from mental and emotional distress, and anguish in connection with the countless hours he has spent in attempting to protect his personal identifying information. Compl. ¶ 33. For purposes of removal, Plaintiff conservatively may be entitled to $5,000 in emotional distress damages.

19.   Further, Plaintiff is seeking punitive damages which could double his recovery even when taking a conservative estimate using a 1:1 ratio between a potential punitive and compensatory damages award. *See Tompkins v. Basic Research LL*, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (denying a remand request after adopting a 1:1 punitive damages award).

20.   Lastly, Plaintiff would be entitled to attorneys' fees under Cal. Pen. Code § 530.8(d)(2). Based on a review of a 5-year survey conducted by the California State Bar, the mean hourly rate in 2017 was $377.   *See* State Bar of Cal., Demographic Survey, "Summary Results of Five-Year Attorney Survey, 2017" (2017),   *available   at*   https://www.calbar.ca.gov/Portals/0/documents/reports /ORIA/Survey-2017.pdf.[1]  It is conservative to expect that Plaintiff's counsel will spend no less than 60 hours on this matter on discovery and dispositive motion practice, to say nothing of trial and pretrial proceedings.  Even at only 60 hours, the attorneys' fees at issue will be at least $22,620.[2]

21.   Therefore, although BANA disputes that Plaintiff is entitled to any recovery whatsoever under any of the theories asserted, if Plaintiff's allegations are taken as true, "the maximum recovery [he] could reasonably recover" plausibly

---

[1] This rate is likely conservative as this survey is only conducted every five years and the most recent survey is from 2017.
[2] *See Modiano v. BMW of N. Am., LLC*, 2021 WL 973566, at *4 (S.D. Cal. March 16, 2021) ("per Ninth Circuit precedent, attorneys' fees may be included in the amount in controversy if the underlying statute authorizes such an award"); *see also Jurosky v. BMW of N. Am., LLC*, 2020 WL 6889184, at *1 (S.D. Cal. Nov. 24, 2020) (noting the Southern District of California utilizes the lodestar method to calculate attorneys' fees).

exceeds $75,000.  *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019); *see also Modiano v. BMW of N. Am., LLC*, 2021 WL 973566, at *4 (S.D. Cal. March 16, 2021) (finding attorneys' fees properly included when permitted by statute); *Richmond*, 897 F.Supp. at 450 (finding court should take note of "potentially substantial" emotional distress damages when reviewing notice of removal).

## IV.  ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED.

22.  <u>Removal Is Timely</u>.  This removal is timely under 28 U.S.C. § 1446(b)(1) because BANA removed the State Court Action within 30 days of service of the Complaint on BANA.  *See* 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in a court and is not required to be served on the defendant, whichever period is shorter.

BANA was served the Complaint on October 19, 2022.  Thus, removal is timely.

23.  <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is being filed in the United States District Court for the Southern District of California, which is the district court embracing the place where the State Court Action was filed.

24.  <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, in compliance with 28 U.S.C. § 1446(a).

25.  <u>Pleadings and Process</u>.  Copies of all process, pleadings and orders served upon BANA in the State Court Action are attached hereto as **Exhibit A**, in compliance with 28 U.S.C. § 1446(a).

26.  <u>Notice of Filing of Notice of Removal</u>.  Attached hereto as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of Superior Court for the State of California, County of San Diego.

27.     <u>Notice of Removal to All Adverse Parties</u>.  Attached hereto as **<u>Exhibit C</u>** is a copy of the Notice of Removal to All Adverse Parties,[3] which will be promptly served upon Plaintiff's counsel.  *See* 28 U.S.C. § 1446(d).

28.     <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

29.     <u>Consent</u>.  There are no other named defendants in this case.  Unnamed defendants, including DOE defendants, are not considered for the consent requirement.  *See Gamarra v. ADT, LLC*, 2021 WL 223250, at *3 (C.D. Cal. Jan. 21, 2021).

## III.     <u>CONCLUSION</u>

30.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

Dated:   November 17, 2022

By:   /s/ *Laura G. Brys*
LAURA G. BRYS (SBN 242100)
*LBrys@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorney for Defendant
BANK OF AMERICA, N.A.

---

[3] Exhibit A to the Notice of Removal to All Adverse Parties is the Notice of Removal and its attached exhibits and has been omitted here to avoid duplication.

NOTICE OF REMOVAL                    Case No.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the County of San Mateo, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 Marshall St., Redwood City, CA 94063.

On November 17, 2022 I caused to be served the following document on the person(s) below:

**NOTICE OF FILING NOTICE OF REMOVAL**

Joshua B. Swigart (SBN 225557)                    *Attorneys for Plaintiff*
*josh@swigartlawgroup.com*                              STEVEN YUHASZ
Spencer L. Pfeiff (SBN343305)
*spencer@swigartlawgroup.com*
Swigart Law Group, APC
221 Camino del Rio S, Ste 308
San Diego, CA 92108
Tel: 866-219-3343

Daniel G. Shay (SBN 250548)
*Danielshay@tcpafdcpa.com*
Law Office of Daniel G. Shay
2221 Camino del Rio S, Ste. 308
Tel. (619) 222-7429

The documents were served by the following means:

x     (E-MAIL or ELECTRONIC TRANSMISSION)  By electronic service. Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 17, 2022 at San Jose, California.

_____               _____
       Gareth J. Oania                                                (Signature)
      (Type or print name)

8

NOTICE OF REMOVAL                               Case No._____