# *EXHIBIT A*

# *EXHIBIT A*

| | |
|---|---|
| Joshua B. Swigart (SBN 225557) <br> Josh@SwigartLawGroup.com <br> Spencer L. Pfeiff (SBN 343305) <br> Spencer@SwigartLawGroup.com <br> **SWIGART LAW GROUP, APC** <br> 2221 Camino del Rio S, Ste 308 <br> San Diego, CA  92108 <br> P: 866-219-3343 <br> *Attorneys for Plaintiff* | Daniel G. Shay (SBN 250548) <br> DanielShay@TCPAFDCPA.com <br> **LAW OFFICE OF DANIEL G. SHAY** <br> 2221 Camino del Rio S, Ste 308 <br> San Diego, CA  92108 <br> P: 619-222-7429 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/13/2022** at 02:09:10 PM
Clerk of the Superior Court
By Brandon Krause, Deputy Clerk

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| STEVEN YUHASZ, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | CASE NO.: 37-2022-00041263-CU-MC-CTL <br><br> [CIVIL UNLIMITED] <br><br> COMPLAINT FOR DAMAGES RE: <br><br> VIOLATIONS OF CALIFORNIA PENAL CODE § 530.8 <br><br> NEGLIGENCE <br><br> JURY TRIAL DEMANDED |

1

Complaint

## INTRODUCTION

1. Steven Yuhasz ("Plaintiff") brings this action to challenge the conduct of Bank of America, N.A., ("Defendant") for failure to investigate Plaintiff's claims of identity theft related to a bank account fraudulently opened in Plaintiff's name.

2. Plaintiff makes these allegations based on personal knowledge and investigation conducted by Plaintiff's attorneys.

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is proper pursuant to general state jurisdiction.

7. The action arises out of Defendants' violations of the Cal. Pen. Code § 530.8 et seq.

8. Because Defendant regularly conducts business in the State of California, personal jurisdiction is established.

9. Venue is proper in San Diego County because Plaintiff resides in San Diego County and the events giving rise to Plaintiff's cause(s) of action against Defendant occurred within San Diego County.

///

///

///

///

2
Complaint

## PARTIES & DEFINITIONS

10. Plaintiff resides in San Diego County and is a "person" as defined by Cal. Pen. Code § 530.8(e)(4).

11. Defendant is a National Bank that conducts business in San Diego County. Defendant is a "person" as defined by Cal. Pen. Code § 530.8(e)(4).

## FACTUAL ALLEGATIONS

12. An unauthorized person used Plaintiff's personal identifying information to obtain California Employment Development Department ("EDD") benefits, without Plaintiff's permission.

13. California's EDD executed an exclusive contract with Defendant to manage, administer and distribute billions of dollars in unemployment insurance and other benefits to unemployed Californians.

14. Around January 2022, Plaintiff discovered that between 2020 and 2021 an unauthorized person illegally collected approximately $35,000.00 in EDD benefits in Plaintiff's name.

15. In response to the unlawful EDD application(s) submitted in Plaintiff's name and without Plaintiff's permission, Defendant opened a bank account in Plaintiff's name without Plaintiff's permission in order to manage, administer, and distribute the fraudulent EDD funds to an unauthorized person.

16. On January 13, 2022, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report.

17. On January 13, 2022, Plaintiff filed an Identity Theft Affidavit with the Department of Treasury Internal Revenue Service ("IRS Identity Theft Affidavit").

18. On January 13, 2022, Plaintiff file a Fraud Report with California EDD.

///

///

///

3
Complaint

19. On or around January 14, 2022, Plaintiff's Counsel mailed a written request for documents and information ("530.8 Request") to Defendant pursuant to Cal. Pen. Code § 530.8.

20. Plaintiff's 530.8 Request included copies of Plaintiff's California driver's license, U.S. Passport, a copy of Plaintiff's FTC Identity Theft Report, a copy of Plaintiff's IRS Fraud Affidavit, and confirmation that Plaintiff reported the fraud to California EDD.

21. Plaintiff's 530.8 Request explained that Plaintiff was the victim of identity theft because an unauthorized person used Plaintiff's personal identifying information to illegally apply for EDD benefits that were managed, administered, and distributed by Defendant through a bank account opened in Plaintiff's name without Plaintiff's permission.

22. Plaintiff specifically requested Defendant to provide: information relating to the unauthorized application or account, including a copy of the unauthorized person's application information and a record of transactions or charges associated with the application or account; provide categories of identifying information that the unauthorized person used to complete the application or open the account; provide copies of all paper records, records of phone applications/authorizations, and records of electronic applications/authorizations within ten (10) days of receipt of the notice under Cal. Pen. Code § 530.8.

23. On January 24, 2022, Defendant received Plaintiff's 530.8 Request as evidenced by the tracking information.

24. By February 7, 2022, Defendant's was required to comply with Plaintiff's 530.8 Request under Cal. Pen. Code § 530.8(a) because ten (10) business days had passed.

25. To date, Defendant has not provided any of the documents or information Plaintiff requested.

///

26. On April 6, 2022, Plaintiff faxed Defendant a second 530.8 Request, containing the same information as the original letter and again requested Defendant to provide: information relating to the unauthorized application or account, including a copy of the unauthorized person's application information and a record of transactions or charges associated with the application or account; provide categories of identifying information that the unauthorized person used to complete the application or open the account; provide copies of all paper records, records of phone applications/authorizations, and records of electronic applications/authorizations within ten (10) days of receipt of the notice under Cal. Pen. Code § 530.8.

27. On April 6, 2022, Defendant received Plaintiff's second 530.8 Request as proven by tracking information.

28. By April 20, 2022, Defendant was required to comply with Plaintiff's second 530.8 Request under pursuant Cal. Pen. Code § 530.8(a) because ten (10) business days had passed.

29. To date, Defendant has not provided any of the documents or information Plaintiff requested.

30. Through this conduct, Defendant violated Cal. Pen. Code § 530.8(a).

31. Defendant's failure to comply with Cal. Pen. Code § 530.8 et seq, prevented Plaintiff from identifying the information the fraudster used to commit the fraud. Defendant denied Plaintiff the statutory right to obtain the fraudulent application etc, such that Plaintiff was unable to take the fraudulent application, etc to the police or take steps necessary to protect Plaintiff from further identity theft.

32. Plaintiff's anxiety, frustration, stress, lack of sleep, and nervousness continue to this day because Plaintiff must constantly monitor Plaintiff's personal identifying information to ensure that Plaintiff is not the victim of further identity theft.

///

///

33. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered damages, including but not limited to, time spent ensuring Plaintiff is not subject to further fraud, preparing, and mailing 530.8 Request letters, attorney fees, mental and emotional distress, and anguish. Plaintiff has spent countless hours and suffered in attempting to protect Plaintiff's personal identifying information.

34. Since Plaintiff's efforts to obtain the requested information were unsuccessful, Plaintiff was forced to bring this action in an effort to compel Defendant's compliance with Plaintiff's 530.8 Request.

35. Based upon the facts above, Plaintiff contends that punitive damages are appropriate here.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF CALIFORNIA PENAL CODE 530.8

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff requested a copy of the fraudulent "application" from Defendant as that term is defined by Cal. Pen. Code § 530.8(e)(1).

38. Plaintiff and Defendant are both considered a "person" as defined by Cal. Pen. Code § 530.8(e)(4).

39. Plaintiff presented to Defendant a copy of a signed and submitted FTC identity theft report and identifying information and requested a copy of the unauthorized person's application, record of transactions, etc pursuant to Cal. Pen. Code § 530.8(a).

40. Defendant failed to inform Plaintiff of the categories of information that the unauthorized person used to complete the application or open the account in violation of Cal. Pen. Code § 530.8(a).

///

6
Complaint

41. Defendant failed to provide copies of all paper records, records of telephone applications or authorizations, or records of electronic applications or authorizations required by this section, without charge, within 10 business days of receipt of Plaintiff's request and submission of the required copy of the police report and identifying information in violation of Cal. Pen. Code § 530.8(a)
42. To date, Defendant has not provided any responsive documents or information.
43. Through this conduct, Defendant violated Cal. Penal Code § 530.8(a).
44. Plaintiff is entitled to "a penalty of ($100) per day of noncompliance, plus reasonable attorneys' fees" pursuant to Cal. Penal Code § 530.8(d)(2).

## COUNT II

## NEGLIGENCE

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
46. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to provide Plaintiff with the information Plaintiff requested.
47. Defendant's conduct proximately caused injuries to Plaintiff.
48. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.
49. Plaintiff believes and alleges that Defendant's conduct constitutes oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- A civil penalty of $100 per day of non-compliance pursuant to Cal. Penal Code 530.8(d)(2);
- An award of reasonable attorney fees pursuant to Cal. Penal Code 530.8(d)(2);
- General damages according to proof;

7
Complaint

1. - Special damages according to proof;
2. - Punitive damages according to proof;
3. - For equitable and injunctive relief;
4. - Any other relief the Court deems just and proper.

Date: October 13, 2022                    SWIGART LAW GROUP, APC

By: s/ Joshua B. Swigart
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorney for Plaintiff

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Joshua B. Swigart, Esq. (SBN 225557)<br>Swigart Law Group, APC<br>2221 Camino Del Rio South, Suite 308, San Diego, CA 92108 | | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
| TELEPHONE NO.: (866) 219-3343 | FAX NO. (Optional): (866) 219-8344 | 10/13/2022 at 02:09:10 PM |
| ATTORNEY FOR (Name): Steven Yuhasz, Plaintiff | | Clerk of the Superior Court<br>By Brandon Krause, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME: Steven Yuhasz v. Bank of America, N.A.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2022-00041263-CU-MC-CTL |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Richard S. Whitney<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [x] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify)*: two
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 13, 2022

Joshua B. Swigart
(TYPE OR PRINT NAME)

▶ *Josh Swigart*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
  Uninsured Motorist (46) (if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
          Wrongful Death
  Product Liability (not asbestos or
      toxic/environmental) (24)
  Medical Malpractice (45)
      Medical Malpractice–
          Physicians & Surgeons
      Other Professional Health Care
          Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip
          and fall)
      Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
      Intentional Infliction of
          Emotional Distress
      Negligent Infliction of
          Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
      Practice (07)
  Civil Rights (e.g., discrimination,
      false arrest) (not civil
      harassment) (08)
  Defamation (e.g., slander, libel)
      (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
          (not medical or legal)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease
          Contract (not unlawful detainer
          or wrongful eviction)
      Contract/Warranty Breach–Seller
          Plaintiff (not fraud or negligence)
      Negligent Breach of Contract/
          Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
          Case
  Insurance Coverage (not provisionally
      complex) (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
      Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property (not eminent
      domain, landlord/tenant, or
      foreclosure)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
          Case Matter
      Writ–Other Limited Court Case
          Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
      (arising from provisionally complex
      case type listed above) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of
          County)
      Confession of Judgment (non-
          domestic relations)
      Sister State Judgment
      Administrative Agency Award
          (not unpaid taxes)
      Petition/Certification of Entry of
          Judgment on Unpaid Taxes
      Other Enforcement of Judgment
          Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (not specified
      above) (42)
      Declaratory Relief Only
      Injunctive Relief Only (non-
          harassment)
      Mechanics Lien
      Other Commercial Complaint
          Case (non-tort/non-complex)
      Other Civil Complaint
          (non-tort/non-complex)

**Miscellaneous Civil Petition**
  Partnership and Corporate
      Governance (21)
  Other Petition (not specified
      above) (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
          Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
          Claim
      Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEVEN YUHASZ

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/13/2022 at 02:09:10 PM
Clerk of the Superior Court
By Brandon Krause, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Division - Hall of Justice
330 West Broadway
San Diego, CA 92101

CASE 37-2022-00041263-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua B. Swigart, Esq., 2221 Camino del Rio South, Ste 308, San Diego, CA 92108; (866) 219-3343

DATE: ~~October 13, 2022~~ 10/14/2022        Clerk, by *B. Krause*, Deputy
*(Fecha)*                                     *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7068 | |

| | |
|---|---|
| **PLAINTIFF(S) / PETITIONER(S):** | Steven Yuhasz |
| **DEFENDANT(S) / RESPONDENT(S):** | Bank of America NA |

YUHASZ VS BANK OF AMERICA NA [IMAGED]

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | **CASE NUMBER:** 37-2022-00041263-CU-MC-CTL |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Richard S. Whitney          Department: C-68

**COMPLAINT/PETITION FILED:** 10/13/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/17/2023 | 09:30 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

| | | |
|---|---|---|
| SDSC CIV-721 (Rev. 04-21) | **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | Page: 1 |

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**Page: 2**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua Swigart, 225557<br>Swigart Law Group, APC<br>2221 Camino del Rio S., Ste. 308,<br>San Diego, CA 92108<br>TELEPHONE NO.: 866-219-3343<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/26/2022** at 03:19:00 PM<br><br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, San Diego County<br>330 W. Broadway<br>San Diego, CA 92101-3409 | |
| PLAINTIFF/PETITIONER: Steven Yuhasz<br>DEFENDANT/RESPONDENT: Bank of America, N.A. | CASE NUMBER:<br>37-2022-00041263-CU-MC-CTL |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; Alternative Dispute Resolution Information; Stipulation to Alternative Dispute Resolution Stipulation

3. a. Party served: BANK OF AMERICA, N.A.

   b. Person Served: CT Corporation System - Daisy Montenegro, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
   Glendale, CA 91203
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 10/19/2022   (2) at (time): 12:38PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   BANK OF AMERICA, N.A.
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:   Jessica Brown
   b. Address:   One Legal - P-000618-Sonoma
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e  I am:
      (3) registered California process server.
         (i)   Employee or independent contractor.
         (ii)  Registration No.: 2019217220
         (iii) County:  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 10/19/2022

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                                   (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 19102062 |